UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HELBACHS CAFE LLC
DBA: HELBACHS CAFÉ ROASTERS &
KITCHEN

    Plaintiff,        CASE NO. 3:20-CV-00758

v.

CITY OF MADISON,
COUNTY OF DANE,
JANEL HEINRICH,
MARCI PAULSEN, and
BONNIE KOENIG,
All individuals in their official capacity,

    Defendants.

---

## JOINT RULE 26(f) DISCOVERY PLAN

---

The parties, by their attorneys, respectfully submit the following report pursuant to

Federal Rule of Civil Procedure 26(f)[1] and the Court's July 13, 2020 Order setting the Telephone

Pretrial Conference.

---

[1] Fed. R. Civ. P. 26(f)(3) requires a discovery plan to state the parties' views and proposals on the following:

 (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

 (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

 (C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

 (D) any issues about claims of privilege or of protection as trial-preparation materials, including— if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

 (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

 (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a) (1) were made or will be made?**

Initial Disclosures: Initial disclosures pursuant to Rule 26(a) shall be made by the parties on or before September 24, 2020.

Plaintiff's Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Plaintiff on or before January 15, 2021.

Defendants' Expert Disclosures: Expert witness disclosures pursuant to Rule 26(a) shall be made by the Defendants on or before March 15, 2021.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues?**

Discovery may be conducted with regard to the events alleged in the Complaint and in Defendants' Answer according to the standard of permissible discovery set out in Rule 26 and applicable law.  Discovery may include depositions.

At this time, the parties are unaware of any changes that need to be made on discovery limitations.  If it becomes apparent that changes are necessary, the parties anticipate that an agreement can be reached among counsel.

**(C)** **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties propose that electronically stored information be produced in .pdf files or, upon request and/or if most appropriate, native format if feasible.  For good cause, the Court may order that particular items of electronically stored information be produced in their native format as used in the usual course of business, or in some other form. The parties do not anticipate such issues but if it becomes apparent that electronic discovery issues may exist, the parties anticipate that an agreement can be reached among counsel.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order.**

Any privilege logs will be served simultaneously with the written response and/or objections to the document production.  The parties do not anticipate any issues relating to claims of privilege or of protection as trial-preparation material but if it becomes apparent that such issues exist the parties anticipate that an agreement can be reached amongst counsel.

**(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

The parties request no changes at this time.

**(F)** **Any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c).**

The parties agree that discovery documents and pleadings may be served by electronic means, including email, as set forth in Rule 5(b)(2)(E), and that electronic service shall be complete upon transmission.  If a document is served by email, it shall be emailed to all counsel who have formally appeared in the matter.

The parties agree that electronically served documents which require a paragraph-by-paragraph response (such as interrogatories, requests for admissions, and proposed findings of fact) shall also be provided to opposing counsel in word-processing format to facilitate efficient responses, and that discovery responses and documents produced in response to discovery requests may be transmitted as .pdf files via email, or, if the files are too voluminous to email, via transportable media or an electronic file sharing system, such as ShareFile or Dropbox.

### JOINT REPORT FOR SCHEDULING CONFERENCE

**1.** **Nature of the case.**

This lawsuit stems from Public Health Madison Dane County (PHMDC)'s Emergency Order # 8 that was passed in response to the coronavirus pandemic which has spanned most of 2020 and presents the following claims and allegations:

Order # 8, issued on July 7, 2020, and went into effect on July 13, 2020, and contains no end date, requires individuals to wear face coverings, and

Defendants' allege that it requires businesses to post signage, alerting customers to the face coverings requirement.  Under the order, businesses are not responsible for the enforcement of Order #8, and it explicitly states that it is to be assumed that individuals have a valid reason for wearing, or not wearing, a facial covering.  Further, Defendants have not been able to show Plaintiff where the "signage requirement" is in the order, and instead have instructed Plaintiff to view the updated website maintained by Defendants. Several days after Order # 8 went into effect, PHMDC received around 130 complaints that Helbach's Cafe was not in compliance with the Health Order. It is unclear if these complaints originated from individuals with any actual knowledge of Plaintiff's establishment or its operation.   Several of the complaints, informed PHMDC that Helbachs had posted a sign stating: "This is a Mask Free Zone. Please remove mask before entering."

Defendants, through their agents, visited Plaintiff's establishment on more than one occasion.  After the first visit, Defendants, through their agents, gave multiple statements to media outlets as it relates to Plaintiff's posting of the "Mask Free Zone" signage, Emergency Order # 8, and Plaintiff's establishment.  Included with these statements, Defendants issued citations and threatened revocation of licensure.

Plaintiff alleges Defendants do not have authority to issue Emergency Order #8, nor the authority to enforce the facial covering signage requirement, if it exists, under Emergency Order # 8. Plaintiff alleges the Defendants' action violates the equal protection clause under both federal law and state law, as well as free speech under the First Amendment. Plaintiff also alleges an unconstitutional taking protected under the Fifth Amendment.

Defendants dispute the allegations and submitted various affirmative defenses including, but not limited to, that their actions were justified under the *Jacobson* standard; that the Plaintiff's claims failed under traditional analysis; that the Plaintiffs may have failed to exhaust avenues or remedies and the claims may not be ripe for adjudication; and that they are immune from suit under common law and statutory immunities.

**2.      The names of any related cases.**

None.

**3.      Material factual and legal issues to be resolved.**

Does Dane County and the City of Madison have the authority to issue Emergency Order #8?

4

Does Dane County and the City of Madison, have the authority to enforce signage requirements under Emergency Order # 8?

Did Dane County and the City of Madison include the specific signage requirement in Emergency Order # 8?

Do businesses have a requirement to enforce Emergency Order #8 as it relates to individuals and facial coverings?

Is the briefly posted "Mask Free Zone" sign a form of protected speech?

Did Dane County and the City of Madison, violate Plaintiff's constitutional rights under the First Amendment free speech clause by prohibiting, through fines and threatened licensure revocation, the posting of any "mask free zone" signage?

Did Dane County and the City of Madison, violate Plaintiff's constitutional rights under the Fifth Amendment takings clause?

Did Dane County and the City of Madison, violate Plaintiff's constitutional rights under the Fourteenth Amendment equal protection clause?

Does the *Jacobson* standard, set forth in *Jacobson v. Massachusetts,* 197 U.S. 11, (1905), apply and control, and if so to what extent?

As to the individual defendants, are they protected by qualified immunity?

What are the Plaintiff's recoverable damages?

4. **A description of any amendments to the pleadings that any party intends to make.**

The parties request a deadline to amend pleadings of October 30, 2020.

5. **The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

The parties request a deadline to join parties of October 30, 2020.

6. **The estimated trial length.**

The estimated trial length is three to four days.

**7.      Motions contemplated.**

The parties anticipate that summary judgment or other dispositive motions may be filed in this matter. Any such motion must be filed prior to April 30, 2021.

**8.      Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule.**

None.

Dated this 2nd day of September, 2020.

> **MUNICIPAL LAW & LITIGATION GROUP, S.C.**
> Attorneys for the City of Madison, County of Dane, Janel Heinrich, Marci Paulsen, and Bonnie Koenig.
>
> By:___/s/ *Remzy D. Bitar*_____
>     REMZY D. BITAR
>     State Bar No: 1038340
>     SADIE R. ZURFLUH
>     State Bar No: 1115432
>
>     730 N. Grand Avenue
>     Waukesha, WI 53186
>     O: (262) 548-1340
>     F: (262) 548-9211
>     E: rbitar@ammr.net
>     szurfluh@ammr.net

Dated this 2nd day of September, 2020.

> **VETERANS LIBERTY LAW**
> Attorneys for Plaintiff, Helbachs Café, DBA: Helbachs Café Roasters & Kitchen
>
> By:___/s/ Joseph Voiland_____
>     Joseph W. Voiland
>     Veterans Liberty Law
>     519 Green Bay Road
>     Cedarburg, WI 53012
>     O: 262-343-5397
>     jwvoiland@yahoo.com

> **LEVINE EISBERNER LLC**

6

Attorneys for Plaintiff, Helbachs Café, DBA:
Helbachs Café Roasters & Kitchen

By:  /s/ Brent Eisberner
  Brent Eisberner
  Levine Eisberner LLC
  14 West Mifflin Street
  Suite 206, Madison, WI 53703
  O: 888-367-8198
  brent@leattys.com
  1098038